IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER JOHN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 2:25-cv-6698 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(d), Defendant American Airlines, Inc. ("American") removes this matter from the Philadelphia County Court of Common Pleas (the "State Court") to the United States District Court for the Eastern District of Pennsylvania.

### BACKGROUND REGARDING PLAINTIFF'S COMPLAINT AND ALLEGATIONS

1. On October 9, 2025, Plaintiff Christopher John ("Plaintiff") commenced this action by filing in the State Court a Complaint captioned *John v. American Airlines, Inc.*, and assigned Case No. 251001153.[1]

2. In the Complaint, Plaintiff, a current flight attendant for American, asserts a single claim under the Pennsylvania Minimum Wage Act ("PMWA") that American allegedly failed "to pay Plaintiff and other class members any wages associated with [certain] mandatory activities . . . during weeks in [sic] they worked over 40 hours."  Compl. ¶ 27.

3. Plaintiff alleges that he, and other flight attendants, work "from time to time over 40 hours per week." *Id.* ¶ 9.

---

[1] American has attached as Exhibits A–F the docket and documents from the State Court action.

4.     Plaintiff further alleges that the PMWA requires American to pay Plaintiff and the putative class for overtime when he works more than 40 hours per week "associated with the following activities: (i) reporting an hour before scheduled flight times (two hours for international flights); (ii) boarding passengers before flights; (iii) deplaning passengers at the end of flights; and (iv) riding shuttles to and from hotels during stopovers during flight sequences." *Id.* ¶ 10; *see also id.* ¶ 11.

5.     Plaintiff brings the lawsuit "as a class action on behalf of all Flight Attendants" employed by American and based in Philadelphia International Airport ("PHL") "during any time since October 3, 2022." *Id.* ¶ 12.

6.     Plaintiff seeks "(i) all unpaid wages available under the PMWA; (ii) prejudgment interest; (iii) all litigation costs, expenses, and attorney's fees recoverable under the PMWA; and (iv) any other relief th[e] Court deems just and proper." *Id.*, Prayer for Relief.

7.     American accepted service of the Complaint on October 29, 2025. *See* Ex. E.

## GROUNDS FOR REMOVAL

8.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because (i) there is minimal diversity between the purported class and American, (ii) the proposed class consists of more than 100 members, and (iii) the amount in controversy exceeds $5,000,000, aggregating all claims (exclusive of interest and costs). *See* 28 U.S.C. § 1332(d); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

## REMOVAL IS PROPER PURSUANT TO
## THE CLASS ACTION FAIRNESS ACT OF 2005

9. American's records reflect that Plaintiff's class definition of all flight attendants employed by American assigned to PHL any time since October 3, 2022, includes over 3,000 individuals. Therefore, this case involves a potential class of 100 or more members.

10. At least one member of the class is a citizen of a state different from the defendant within the meaning of 28 U.S.C. § 1332(d)(2)(A). Specifically, Plaintiff's putative class includes flight attendants who are citizens of Pennsylvania, along with other states. American is a citizen of Texas and Delaware, i.e., the states where it is headquartered and incorporated respectively. *See, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)); *Hertz Corp v. Friend*, 559 U.S. 77, 80-81 (2010). Therefore, this case involves a class where at least one member is diverse from the defendant.

11. For purposes of meeting the jurisdictional requirements of removal only, the aggregate amount "in controversy" for all class members exceeds the sum or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2). For purposes of removal, it suffices that Plaintiff could plausibly recover this amount.

12. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required … only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *Bailey v. Ulta Salon, Cosms. & Fragrance, Inc.*, 2021 WL 1864031, at *2 (W.D. Pa. May 10, 2021) (similar).

13. American's records reflect that the putative class that Plaintiff seeks to represent consists of 3,089 flight attendants with an average wage rate of $57.11 per hour from October 3,

2022, through the present. Plaintiff seeks time-and-a-half pay under the PMWA, which would require payment of an average overtime rate of $85.67 per hour, i.e. $57.11*1.5 = $85.67.

14. Plaintiff bases his claim on the theory that PHL flight attendants "work from time to time over 40 hours per week." Compl. ¶ 9. For a potential recovery by the class of greater than $5,000,000, PHL Flight Attendants need only to have worked a total of slightly more than six hours of overtime *per year*. Specifically:

$$3{,}089 \; flight \; attendants \times \$85.66 \; rate \times 6.3 \; hours \times 3 \; years = \$5{,}001{,}010.69$$

15. While American denies that the class members are entitled to any relief, the jurisdictional threshold is satisfied here based on a very minimal estimate of overtime worked of only six hours per year. *See Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 542 (D.N.J. 2020) (denying remand based on "reasonable" estimation of overtime hours); *see also Roundtree v. Primeflight Aviation Servs., Inc.*, 2017 WL 3207439, at *4 (D.N.J. July 28, 2017) (similar).

16. This estimate of potential damages does not include any potential attorneys' fees that could be obtained by the putative class, which must also be considered in determining whether the jurisdictional threshold has been met. *See, e.g.*, *Stroudsburg Borough v. VFG Labar LLC*, 2022 WL 433321, at *4 (M.D. Pa. Feb. 11, 2022) (finding that "the Court must consider the potential attorney's fees in determining whether the jurisdictional threshold amount is met in the present case") (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997), *as amended* (Feb. 18, 1997)).

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

17. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court because this action was originally filed in the State Court, which is located in the Eastern District of Pennsylvania.

18. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon American in the State Court action are attached as Exhibits A through E.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it was filed within 30 days of American's receipt, by service or otherwise, of a copy of the Complaint. *See* Ex. E (stipulating American's acceptance of service occurred on October 29, 2025).

20. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American will give written notice to Plaintiff and will file a copy of this Notice of Removal with the clerk of the State Court.

21. No previous application has been made for the relief requested by American.

22. By filing this Notice of Removal, American does not waive any defenses that may be available to it (including, without limitation, any defenses relating to service, process, and jurisdiction) and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

WHEREFORE, American respectfully gives notice of and removes the action to this Court.

Dated:  November 26, 2025         Respectfully submitted,

By: */s/ Ian Simmons*

Ian Simmons (# 64754)
O'MELVENY & MYERS LLP
1625 Eye Street NW
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile: (202) 383-5414
E-mail: isimmons@omm.com

Mark W. Robertson
(*pro hac vice to be submitted*)

Charles J. Mahoney
(*pro hac vice to be submitted*)
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
Telephone:  (212) 326-2000
Facsimile: (212) 326-2061
Email: mrobertson@omm.com
       cmahoney@omm.com

*Attorneys for Defendant American Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, Ian Simmons, hereby certify that on November 26, 2025, the foregoing **NOTICE OF REMOVAL** was served by electronic and regular mail on Plaintiffs' counsel:

Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com

David Markham
The Markham Law Firm
888 Prospect Street, Suite 200
La Jolla, CA 92037
dmarkham@markham-law.com

By: */s/ Ian Simmons*
Ian Simmons